UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONA FAWAZ, Personal Representative
of the Estate of Ahmad Fawaz and Next
Friend of A.F. and S.F., A.F., and S.F.

    Plaintiffs,

v.

METROPOLITAN LIFE INSURANCE
COMPANY, a/k/a METLIFE, and
JOSEPH FAWAZ

    Defendants.
                                /

Case No. 09-cv-14407

HONORABLE STEPHEN J. MURPHY, III

## **ORDER OF PARTIAL REMAND**

In this action Plaintiffs assert a claim against Defendant Metropolitan Life Insurance Company ("Metlife") for breach of contract and claims against Defendant Joseph Fawaz for unjust enrichment and conversion. The action was originally filed in Macomb County Circuit Court, Michigan and was subsequently removed by Defendants on the basis of a federal question with respect to the breach of contract claim against Metlife, *see* 28 U.S.C. § 1331, and the existence of "separate and independent" state law claims with respect to the claims asserted against Fawaz, *see* 28 U.S.C. § 1441(c). For the reasons stated below, the Court will retain the breach of contract claim against Metlife and remand to state court the claims asserted against Fawaz.

Considering whether jurisdiction to hear a case exists is the "first and fundamental question presented by every case brought to the federal courts." *Metro Hydroelectric Co. v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) (internal quotation marks omitted). A district court must consider whether it has jurisdiction to hear a case even when the parties

concede or do not raise the issue. *Douglas v. E.G. Baldwin & Assocs. Inc.,* 150 F.3d 604, 606-07 (6th Cir. 1998); *see also* 28 U.S.C. §1447(c). Because federal courts are courts of limited jurisdiction, "[i]t is to be presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Metro*, 541 F.3d at 610 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In the case of removal, the defendant bears this burden. *See Coyne v. Am. Tobacco Co.*,183 F. 3d 488, 493 (6th Cir. 1999). If it cannot meet its burden, the court must remand the action back to state court. 28 U.S.C. §1447(c).

Plaintiffs are the estate of Ahmad Fawaz and Ahmad Fawaz's two surviving children. Compl. ¶ 1-3. Before his death, Ahmad Fawaz was employed General Motors Corporation. He was retired on disability and maintained a life insurance policy with Defendant Metlife. *Id.* ¶ 10. He and Mona Fawaz divorced and he was ordered to pay support to his children. *Id.* ¶¶ 11-12. The divorce judgment required him to designate Mona Fawaz and the minor children as irrevocable beneficiaries under any employer-provided life insurance policy issued to him, to the extent of his support obligations and for the period of time during which any obligations existed. *Id.* ¶ 13. Notwithstanding this requirement, Ahmad Fawaz allegedly changed the beneficiary under the policy to his brother, Defendant Joseph Fawaz. *Id.* ¶ 14. Joseph Fawaz then made a claim on the insurance policy and was paid $100,000 by Defendant Metlife. *Id.* ¶ 15. Plaintiffs allege that Ahmad Fawaz never executed a change in beneficiary form or was incompetent to do so at the time and the execution is therefore invalid. *Id.* ¶ 16. Metlife subsequently refused to pay the claim made by Plaintiffs. *Id.* ¶ 18. Plaintiffs assert that Metlife's refusal to pay Plaintiffs constituted a breach the contract of insurance.

Metlife asserts that this breach of contract claim against Metlife is preempted by

ERISA for purposes of removal. The Court agrees and must retain the claim. ERISA was designed by Congress to be a "comprehensive statute for the regulation of employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). It sets the standards and procedures for the regulation of these plans and provides specific mechanisms for its enforcement through civil litigation. "Therefore any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209. This means that in the removal context, ERISA "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" such that "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." *Id.* (alteration in original).

Plaintiffs' claim against Metlife falls within the civil enforcement provisions of ERISA § 502(a). § 502(a) provides:

> A civil action may be brought-(1) by a participant or beneficiary – ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

"This provision is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Aetna Health*, 542 U.S. at 210. "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ... § 502(a)(1)(B)." *Id.* "It is

3

not the label placed on the state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002)

In this case, Plaintiffs seek recovery of benefits under a life insurance policy regulated by ERISA. They assert that Metlife failed to pay them a $100,000 payout it was required to pay. Such alleged misfeasance falls squarely within 29 U.S.C. § 1132(a)(1)(B). Moreover, the complaint alleges no legal duty implicated by Metlife's actions that is independent of its duty to pay insurance benefits. Plaintiffs' breach of contract claim is therefore preempted and removal was proper.

The claims against Metlife, however, are not the only claims asserted in the complaint. Plaintiffs also assert two causes of action against Joseph Fawaz that are entirely unrelated to its claim against Metlife. Count two asserts an action for unjust enrichment. Plaintiffs assert that Joseph Fawaz was given a sum of $36,000 from Ahmad Fawaz that was to be used for the benefit of his minor children and Fawaz has refused to give that money to the children. *Id.* ¶¶ 23-24. Count three asserts a claim of common law conversion. Upon the decedent's death, the decedent owned a car and other certain personal property. Joseph Fawaz allegedly sold the property and kept the proceeds for himself instead of returning them to the estate. *Id.* ¶¶ 27-29. Count four is not a substantive cause of action, but rather asserts the equitable remedy of a constructive trust for the money the Court may find Joseph Fawaz wrongfully possessed. *Id.* ¶ 32; *see also Kammer Asphalt Paving Co., Inc. v. East China Twp. Schools*, 443 Mich. 176, 188 (1993).

Counts two and three lack a basis of subject matter jurisdiction. They were removed pursuant to 28 U.S.C. § 1441(c), which permits a party to remove an action that contains federal claims even though the action also contains "separate and independent" otherwise

4

non-removable state claims. The Court has discretion to then retain the state law claims or remand them. Claims are "separate and independent," for purposes of § 1441(c), when they arise from different sets of acts or transactions and different wrongs inflicted upon the plaintiff. *See Am. Fire. & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951); *Dunn v. Ayre*, 943 F. Supp. 812, 814 (E.D. Mich. 1996).

The claims asserted against Joseph Fawaz are separate and independent of those asserted against Metlife. Count one, although it refers to Joseph Fawaz, asserts an action for breach of contract solely against Metlife. Compl. ¶ 21. Count two, for unjust enrichment, arises out of the decedent's payment to Joseph Fawaz of $36,000, an act unrelated to the claim in count one. *Id.* ¶¶ 23-25. Count three, for conversion, arises out of Joseph Fawaz's failure to pay to the estate of Ahmad Fawaz the proceeds of certain sales of his property, an act unrelated to the claim in count one.[1] *Id.* ¶¶ 29-30. The claims asserted against Joseph Fawaz arise from different acts or occurrences than those asserted against Metlife. Accordingly, they are separate and independent from the ERISA claim in count one. Because state law predominates in these claims, the Court will exercise its discretion and remand them to state court. *See* 28 U.S.C. § 1441(c).

**WHEREFORE** it is hereby **ORDERED** that counts two, three, and four of the complaint, asserted against Joseph Fawaz, are **REMANDED** to Macomb County Circuit Court.

**SO ORDERED.**

                                          s/Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

---

[1] Count four, Plaintiffs' request for a constructive trust, is not a cause of action and therefore is not relevant in the § 1441(c) analysis.

Dated: August 20, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 20, 2010, by electronic and/or ordinary mail.

                                         <u>s/Alissa L. Greer</u>
                                         Case Manager